# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jonathan Berall, M.D., M.P.H.,<br><br>    *Plaintiff*,<br><br>    v.<br><br>Verathon Inc.; Pentax of America, Inc.; Hoya Corp.; Hoya Digital Solutions Corp.; and LMA North America, Inc.;<br><br>    *Defendants*. | C.A. No.: 1:10-cv-05777-LAP-DCF<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiff Jonathan Berall and Defendants Verathon Inc., Pentax of America, Inc., Hoya Corp., Hoya Digital Solutions Corp., and LMA North America, Inc., hereafter referred to as "the Parties," may seek discovery of documents, information, or other materials in the above captioned action ("Action" or "Litigation") that may constitute or contain sensitive, proprietary information, such as trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and the Local Rules of this Court;

**WHEREAS** such sensitive, proprietary information, such as trade secrets or other confidential research, development, or commercial information must be protected in order to preserve the legitimate business interests of the Parties or other persons;

**WHEREAS** the Parties have, through counsel, stipulated to the entry of this Stipulated Protective Order (the "Order") to advance this Action and to prevent unnecessary dissemination or

disclosure of sensitive proprietary information, such as trade secret or other confidential research, development, or commercial information; and

**WHEREAS** the Parties have established good cause for entry of this Order;

**NOW THEREFORE**, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the Parties and for good cause shown, the Court hereby **ORDERS** that:

### PROCEEDINGS AND INFORMATION GOVERNED

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this Action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this Action that are designated by a party as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. The party or third party producing such information is referred to both in the singular and the plural herein as the "Producing Party," and any party receiving such information is referred to herein as the "Receiving Party."

### Designation and Maintenance of Information

2. For purposes of this Protective Order, (a) the "CONFIDENTIAL INFORMATION" designation means that the document constitutes, contains, reveals, relates to, or reflects process, operation, technical, production, shipment, personnel or other proprietary

or confidential information within the meaning of Federal Rule of Civil Procedure 26(c), is not publicly known, and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential; and (b) the "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY" designation means that the document is comprised of information that the Producing Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, communications with regulatory agencies, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. This Order also applies to all copies, summaries, translations, abstracts, or similar compilations containing information, documents or things derived from a designating party's sensitive proprietary information, such as trade secret or other confidential research, development or commercial information. Any designation of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY" shall apply to any copies, summaries, translations, abstracts or similar compilations of such designated confidential information.

4. Documents and things produced during the course of this Litigation within the scope of paragraph 2(a) above, may be designated by the Producing Party as containing CONFIDENTIAL INFORMATION by placing on each page and each thing a legend substantially as follows: "CONFIDENTIAL INFORMATION."

5. Documents and things produced during the course of this Litigation within the scope of paragraph 2(b) above may be designated by the Producing Party as containing HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY information by placing on each page and each thing a legend substantially as follows: "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY."

6. A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have 21 calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY. If no such designation is made at the deposition or within this 21-calendar-day period (during which period, the transcript must be treated as HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY. Each party and the court reporter must attach a copy of any final and timely written designation notice to

the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.

7. It is the responsibility of counsel for each party to maintain materials containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate, Inadvertent Productions, and Clawbacks**

8. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the Producing Party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the Receiving Party as confidential from the time the Receiving Party is notified in writing of the change in the designation.

9. This Protective Order is intended to be an Order within the meaning of Federal Rule of Evidence 502(d) and 502(e) and to be accorded scope to the fullest extent permitted thereunder. Nothing in this Order shall be construed to require disclosure of information, documents or tangible items that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity. A Producing Party may produce a redacted version of information, documents or tangible items that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the

privileged or immune material was redacted with the designation "RP," "Redacted-Privileged," or a similar marking.

10. The parties will meet and confer regarding a procedure for privilege logging, and submit a joint proposal to the Court.

11. Upon discovery by a Producing Party (whether by notice from the Receiving Party or otherwise) that it did or may have produced Privileged Information, the Producing Party shall, within ten (10) business days of such discovery, request the return or deletion of such privileged information by sending a written notification ("Clawback Notice") to the Receiving Party, which shall identify the documents by Bates number or otherwise and the basis on which the privileged information should have been withheld from production. The information must be treated by the Receiving Party as confidential and privileged from the time the Receiving Party is notified in writing of the change in the designation.

12. Inadvertent or unintentional production of documents or information containing confidential information which are not designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Within three (3) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party or destroy, and certify in writing such destruction, any documents or tangible items that the Producing Party represents were inadvertently or mistakenly produced. The Receiving Party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information. The Producing Party shall, within three (3) business days of sending its written request, produce versions of the inadvertently or unintentionally produced documents or information containing the corrected designation. In the

event of a failure to so produce, the Receiving Party shall have seven (7) days from receipt of the Producing Party's written request to make a motion to compel production of the returned information.  The Producing Party and the Receiving Party shall meet and confer in accordance with the applicable law or Court rules regarding any such motion to compel.

13.     The Parties reserve the right to redact, before production, commercially sensitive, non-responsive information on products not at issue in this Action from documents that are otherwise responsive.  Parties redacting information pursuant to this paragraph shall distinguish the redactions from redactions for privilege or privacy issues. When the inadvertent or mistaken disclosure of any information contained in any document that the Producing Party believes is both non-responsive and commercially sensitive is discovered by the Producing Party and brought to the attention of the Receiving Party, the Producing Party shall promptly produce a properly redacted replacement version of said document to the Receiving Party.  Upon receipt of the replacement version, the Receiving Party shall immediately return and/or destroy all copies of the original version of said document, and confirm in writing to the Producing Party that it has done so.  Nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim that redacted material is non-responsive.  In addition, nothing herein permits redactions of portions that are responsive, relevant, or necessary to understand responsive or relevant portions of the otherwise responsive document.

14.     The Parties agree that certain information may be subject to federal, state, or foreign data protection laws or other privacy obligations, and that such information constitutes highly sensitive material requiring special protection.  Examples of such data protection laws include, but are not limited to, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 C.F.R.

7

Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data (General Data Protection Regulation of EU); and the German Federal Data Protection Act (Germany personal information). Any information that a party reasonably believes is subject to federal, state, or foreign data protection laws shall be treated as HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY and redactions for data privacy or data protection will be labeled "Redacted-Data Privacy." The Parties acknowledge that such information may require additional safeguards and will meet and confer to implement such safeguards if and when needed.

## Challenge to Designations

15. A Receiving Party may challenge a Producing Party's designation at any time. Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation. The Producing Party will then have ten (10) business days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame and after any pre-motion conference required by Local Rule 37.2 or the Court's Individual Practices, the Receiving Party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION**

16. Information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY may only be used for purposes of preparation, trial, and appeal of this Action.

17. CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY may not be used under any circumstances for prosecuting any patent application, for patent licensing, competition with the Parties hereto, communications with the United States Patent & Trademark Office ("PTO"), any foreign equivalent of the PTO, or any governmental regulatory agency, or for any other purpose.

18. CONFIDENTIAL INFORMATION may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) two (2) in-house counsel who are identified by the Receiving Party and who review and sign the form attached as Exhibit B; (b) outside counsel for the Receiving Party; (c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) experts or consultants; (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (f) the Court and its personnel; and (g) if the Court so elects, any other person designated by order of this Court after notice and hearing to all Parties. For the avoidance of doubt, Confidential Information produced to a Receiving Party shall not be disclosed by that Receiving Party to any other party in the Action. Plaintiff shall serve discovery requests seeking Confidential Information from a Producing Party only on the Producing Party, and the Producing

Party shall serve responses to such requests only on Plaintiff.  To be sure, nothing herein precludes a Defendant from sharing Discovery Requests and/or responses with another Defendant in the Action at its own election.  For further avoidance of doubt, nothing herein shall preclude a Producing Party from agreeing that additional individuals or other parties may have access to its Confidential Information.

19. The Parties have agreed that the following attorneys and/or persons beyond outside counsel for this Action may have access to information designated as "CONFIDENTIAL INFORMATION," in accordance with the provisions of this Protective Order, provided they sign the form attached as Exhibit B, and that a signed copy is provided to the Producing Party:

    (a)    For Plaintiff: Jonathan Berall, M.D., M.P.H.;

    (b)    For Verathon Inc.: In-house counsel to be identified at a later date;

    (c)    For Pentax of America, Inc.; Hoya Corp., Hoya Digital Solutions Corp.: Jack Adler; Alan Dow; and

    (d)    For LMA North America, Inc.: Howard M. Cyr; Daniel Logue.

20. HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the Receiving Party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; (d) the Court and its personnel; and (e) if the Court so elects, any other person designated by order of this court after notice and hearing to all Parties.

21. Prior to disclosing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY to a Receiving Party's proposed expert, consultant, or their employees, the Receiving Party must provide to

the Producing Party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, a list of all other cases in which, during the previous four years, the expert or consultant testified as an expert at trial or by deposition, pursuant to Fed. R. Civ. P. 26(a)(2)(B)(v), and any current and past consulting relationships in the industry. The Producing Party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the Receiving Party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the Producing Party, or if any objection is made, until the Parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

22. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

23. Persons on behalf of Plaintiff who have received, from one or more Defendants, materials designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY shall not be involved in any way in the prosecution of patents or patent applications relating in any way to video laryngoscopes, including without limitation any patent application claiming priority to the patents asserted in this Action, before any foreign or domestic agency, including the PTO, and will remain so from the time of receipt of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION – OUTSIDE COUNSEL'S EYES ONLY until the period ending one (1) year after final termination of this Action, including any appeals thereof.  For purposes of this Order, "prosecution" means substantive involvement in drafting or amending the scope of patent claims. To avoid any doubt, "prosecution" as used in this Order does not include representing a party before a domestic or foreign patent agency in any reissue, interference, *inter partes* review, post-grant review, or reexamination proceeding.

### Non-Party Information

24. The existence of this Protective Order must be disclosed to any non-party producing documents, tangible things, or testimony in this Action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such non-party may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

### **FILING DOCUMENTS WITH THE COURT**

25. If any party wishes to submit CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY to the Court, the submission must be made using the Court's procedures for filing documents under seal pursuant to the appropriate procedures for doing so electronically through the Court's ECF filing system and under Section H of the Court's Individual Practices, and shall remain under seal until further order of the Court.

26. For any such materials or Filings which are designated as HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY or which are filed with the Court under seal, within three (3) business days after the other party's request, and if feasible to do so, the serving or filing party will provide the other side with redacted versions of

its HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY to be available to be shown to those able to see CONFIDENTIAL INFORMATION as set forth in paragraphs 18-19 above.

27. The Parties agree to exclude from discovery all draft expert reports, expert notes, and all communications between counsel and experts relating to the Action.

## NO PREJUDICE

28. Producing or receiving CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

## CONCLUSION OF LITIGATION

29. Within sixty (60) calendar days after final judgment in this Action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the Producing Party all materials and documents

containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY, and to certify to the Producing Party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## OTHER PROCEEDINGS

30. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge, does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## REMEDIES

31. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

32. Nothing in this Order shall be construed to prevent counsel from advising their client(s) with respect to this Action and, in the course thereof relying upon any information designated under this Protective Order as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY, provided that counsel does not disclose the material contents of the designated information in a manner not specifically authorized under this Order.

33. In the event that a party wishes to introduce CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY into evidence at trial, the Parties will raise the issue with the Court and seek guidance as to the appropriate protection of that information.

34. The Parties may, by stipulation, provide for exceptions to this Stipulated Protective Order and any party may seek an order of this Court modifying this Stipulated Protective Order.

35. Nothing in this Stipulated Protective Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of the Parties to assert any applicable discovery or trial privilege.

36. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Stipulated Protective Order to allow disclosure of information designated under this stipulated protective order as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of information designated under this Stipulated Protective Order as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL'S EYES ONLY information.

SO ORDERED: ___February 5_____, 2021
New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE