UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN BERALL, M.D., M.P.H., | CASE NO. C21-944 RSM |
| Plaintiff, | ORDER DENYING MOTION TO AMEND CASE SCHEDULE |
| v. | |
| VERATHON INC., et al., | |
| Defendants. | |

This matter is before the Court on Defendant Verathon Inc.'s Motion to Amend Case Schedule. Dkt. #357. Defendant seeks to modify the case schedule, set approximately four months ago, because of a possible conflict with the scheduled November 21, 2022 trial date. *Id.* Plaintiff opposes the request. Dkt. #359. Finding that Defendant has not established good cause at this time, the Court denies the motion.

Plaintiff filed this case in the Southern District of New York in 2010. Dkt. #1. After the case was transferred to this Court, on July 15, 2021, the Court held a scheduling conference to resolve scheduling disputes between the parties. Dkt. #349. A principal dispute between the parties was whether the case could proceed on a more condensed schedule than would be typical under the Court's Local Patent Rules. Dkt. #348. On September 21, 2021, the Court set a schedule in line with that set forth in the Court's Local Patent Rules. Dkt. #352.

ORDER – 1

After the Court set the case schedule, Defendant's local counsel, Patricia A. Eakes, learned of a potential conflict with the trial date previously set by the Court. Ms. Eakes is serving as a Special Assistant Attorney General and prosecuting "three Tacoma, Washington police officers accused of murder and manslaughter in the death of Manuel Ellis" in March 2020. Dkt. #358 at ¶¶ 3–4. An October 3, 2022 trial date was recently set in one of those cases and the three cases are likely to be tried together. *Id.* at 8. If those matters proceed as initially set, Ms. Eakes anticipates that trial will extend into December 2022. *Id.* at ¶ 5. As further justification for its request, Defendant asserts that the Court's resolution of the *Markman* hearing may, effectively, be dispositive and seeks to set fact and expert discovery, dispositive motion, and settlement deadlines off the Court's *Markman* ruling. Dkt. #357.

The Court may alter a scheduling order "only for good cause." FED. R. CIV. P. 16. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing FED. R. CIV. P. 16 Advisory Committee's Notes (1983 Amendment)). The Court's local rules similarly note the need for parties to proceed with diligence. *See* LOCAL RULES W.D. WASH. LCR 16(b)(6) ("The parties are bound by the dates specified in the scheduling order. A schedule may be modified only for good cause and with the judge's consent. Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance.").

Here, the Court does not find good cause to alter the recently set case schedule. As to the first justification, the potential for a conflict with the trial date, the Court finds the issue currently speculative. While trial dates have been set, they are nearly a year away and the scheduling conflict may resolve if either of the case schedules needs further amendment in the intervening

ORDER – 2

year. Should a conflict remain nearer to the scheduled trial date, the Court will of course consider necessary alterations to the case schedule.[1]

Second, and as to the efficiencies that may be realized by setting post-*Markman* deadlines off a *Markman* ruling, the Court finds that the issue should have been raised at the initial scheduling conference. While the parties' joint status report set forth a schedule reflecting post-*Markman* deadlines scheduled off a *Markman* ruling, no party raised the issue at the Court's scheduling conference and the Court set a schedule consistent with its regular practice. The purported efficiency to be gained from the now requested schedule was evident on the day the Court's scheduling order was issued and Defendant has not been diligent in raising the issue. Further, and to the extent such efficiencies exist for both parties, the Court will consider alterations that are agreeable to both parties.

Accordingly, having reviewed the motion, the arguments of the parties, and the remainder of the record, and for the reasons stated herein, the Court finds and ORDERS that Defendant's Motion to Amend Case Schedule (Dkt. #357) is DENIED.

DATED this 28th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Notably, Plaintiff indicates he will not object to a continuance, closer to the trial date, "if it becomes apparent that this matter's trial will actually conflict with proceedings in Ms. Eakes' criminal case." Dkt. #359 at 4.

ORDER – 3