UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN BERALL, M.D., M.P.H., <br><br>Plaintiff, <br><br>v. <br><br>VERATHON INC., <br><br>Defendant. | Case No. C21-944RSM <br><br>ORDER DENYING MOTION TO SEAL |

This matter comes before the Court on Defendant Verathon Inc.'s unopposed Motion to Seal, Dkt. #368.

"There is a strong presumption of public access to the court's files." Local Rule 5(g). The Court's Local Rules explicitly instruct the parties to present legal and evidentiary support in a motion to seal. Normally that motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rule 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the

ORDER DENYING MOTION TO SEAL - 1

document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

Local Rule 5(g)(3).  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).

Defendant moves to seal a single exhibit filed in support of its Initial Claims Construction Brief.  This exhibit "contains excerpts from the deposition transcript of non-party Karl Storz Endoscopy America, Inc. ("KSEA")'s representative, William Wise, that KSEA has designated 'HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY' under the Protective Order."  Dkt. #368 at 1.  Defendant takes no position on whether this exhibit should be sealed; the only reason Defendant has filed the instant Motion is to comply with the Court's Local Rule 5(g)(3).

KSEA has not filed a brief in support of this Motion.  The only explanation for keeping this exhibit under seal, other than because a party has designated the material confidential, is provided second-hand by Defendant: "KSEA explained that the transcript includes discussion of KSEA's highly confidential business information, including discussion of confidential licensing correspondence and financial information. KSEA also explained that Exhibit 25 includes testimony regarding a licensing agreement, including KSEA's reasoning or motivations relating to the agreement." *Id.* at 2.

The Court has examined the half-dozen transcript pages filed by Defendant and finds no mention of licensing correspondence, financial information, or licensing agreements.  There appears to be no confidential business information of any kind. Perhaps such was discussed in the deposition, but it is not found in these few excerpts.  Instead, the deponent visually inspects the "C-MAC video laryngoscope fourth-generation product" and discusses the similarities

ORDER DENYING MOTION TO SEAL - 2

between the 8402 model and the 8401 model on a superficial level. Anyone who has handled these products would have access to the information discussed. For whatever reason, Defendant has included pages 4-7 of the transcript where all the exhibits are listed. In that list an exhibit "Patent License Settlement and Release Agreement" is mentioned. *Id.* at 7. This title alone does not reveal any confidential information.

Defendant has failed to present good cause to keep these exhibits under seal. Accordingly, the Court hereby FINDS and ORDERS that Defendant's Motion, Dkt. #368, is DENIED. The Court DIRECTS the Clerk to immediately unseal Dkt. #372.

DATED this 13th day of July, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO SEAL - 3